UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO: 5:09-CR-00004-BR
NO: 5:11-CV-129-BR

RONALD FISHMAN,                        )
  Petitioner,                          )
                                       )
                                       )          ORDER
v.                                     )
                                       )
UNITED STATES OF AMERICA,              )
  Respondent.                          )

This matter is before the court on petitioner's motion to vacate pursuant to 28 U.S.C. §

2255.

By way of background, petitioner filed the instant motion to vacate on 5 July 2011.[1]

Shortly thereafter, the court conducted an initial review of the motion and directed the U.S.

Attorney to file an answer or other appropriate response to the motion.  (DE # 292.)  On the

government's motion, the court allowed the government an extension of time to respond to the §

2255 motion until after petitioner filed, what he represented to be, a brief setting forth his claims.

(DE # 295.)  The court warned petitioner that the failure to file the brief may result in the

dismissal of this action or the striking of his motion.  (Id.)  Since that time, petitioner has

obtained multiple extensions of time to file the brief.  (DE ## 298, 300, 303.)  With each

extension, the court again warned petitioner that the failure to file the brief may result in

dismissal of the action.  (Id.)  Petitioner has not filed the brief, and without it, the court must

conclude that the waiver in petitioner's plea agreement bars his § 2255 motion.

The plea agreement provides in relevant part that petitioner agrees "to waive all rights to

---

[1]Petitioner initially filed a § 2255 motion on 22 March 2011, but because the motion was not on the
appropriate form, petitioner was directed to complete and return the form.  (DE # 288.)  He did so on 5 July 2011.

contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea." (DE # 147, ¶ 2c.) At the plea hearing on 13 July 2009, the court found that petitioner's plea, of which the waiver of post convictions rights is a part, was knowing and voluntary. Thus, the court will enforce the waiver of post conviction rights contained in petitioner's plea agreement and finds that petitioner may not challenge his conviction or sentence with the instant motion.

The § 2255 motion is DISMISSED. The court finds that petitioner has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, a certificate of appealability is DENIED.

This 16 July 2012.

_____
W. Earl Britt
Senior U.S. District Judge